UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL JONES,

       Plaintiff,

vs.

GC SERVICES LIMITED PARTNERSHIP,

       Defendants.

CIVIL ACTION NO.: 13-cv-11281

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant, GC Services Limited Partnership ("GC Services"), hereby removes to this Court the above-entitled action based upon the following supporting grounds:

1. On or about May 2, 2013, an action ("the Complaint") was commenced against GC Services in the Trial Court of the Commonwealth of Massachusetts, Boston Municipal Court – Central Division, captioned *Paul Jones v. GC Service Limited Partnership*, Civil Action No.: 2013-01-sc-001181. A copy of the Complaint, and all other pleadings and process served on GC Services are attached as Exhibit A.

2. On or about May 7, 2013, GC Services was served with a copy of the Complaint.

3. Removal is timely under 28 U.S.C. § 1446(b), as fewer than 30 days have elapsed since GC Services was served with process. *See, e.g.*, *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

4. In his Complaint, Plaintiff has asserted, *inter alia*, claims under the Telephone Consumer Protection Act ("TCPA"). (Exhibit A).

5. The TCPA is a federal statute, codified at 47 U.S.C. § 227, which sets forth numerous restrictions on the use of telephone equipment. *See generally* 47 U.S.C. § 227.

6. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over this matter as the Plaintiff's claims under the TCPA arise under the laws of the United States. Additionally, this Court also has supplemental jurisdiction over all other related claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's state law claims do not raise novel or complex issues of state law or otherwise predominate over Plaintiff's claims under the TCPA.

7. Removal of this action to this Court is permissible under the provisions of 28 U.S.C. § 1441 in that it is a civil action founded on a claim or right arising under the laws of the United States. *See, e.g.*, *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (U.S. 2012) (Federal and state courts have concurrent jurisdiction over private suits arising under the Telephone Consumer Protection Act); *Raitport v. Harbour Capital Corporation*, 2010 WL 830071 at *1 (D.N.H. Mar. 4, 2010) (concluding that a private TCPA claim presents a federal question for § 1331 purposes); *Holster v. BNA Subsidiaries*, 2010 WL 902699 at *1 (D.N.H. Mar. 9, 2010) (same).

8. Furthermore, the state causes of action are so related to the claim under 47 U.S.C. § 227 that they form part of the same case or controversy under Article III of the United States Constitution.

9. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Plaintiff and will be filed with the Clerk of Courts for the Boston Municipal Court – Central Division, following the filing of this Notice.

10. In submitting this Notice of Removal, GC Services reserves all defenses.

WHEREFORE, Defendant, GC Services Limited Partnership hereby removes this action from the Trial Court of the Commonwealth of Massachusetts, Boston Municipal Court – Central Division, to the United States District Court for The District of Massachusetts.

                                              Respectfully submitted,
GC SERVICES LIMITED PARTNERSHIP
By Its Attorneys,

*/s/ Andrew M. Schneiderman*
Ranen S. Schechner, BBO #655641
rschechner@hinshawlaw.com
Andrew M. Schneiderman, BBO #666252
aschneiderman@hinshawlaw.com
Hinshaw & Culbertson LLP
28 State Street, 24th Floor
Boston, MA 02109
Date:   May 29, 2013                617-213-7000

## **CERTIFICATE OF SERVICE**

I, Andrew M. Schneiderman, hereby certify that on this 29th day of May 2013, I served a true and accurate copy of the foregoing document to counsel of record via E-Mail and First Class mail as follows:

Paul Jones (pj22765@gmail.com)
60 State Street, Suite 400
Boston, MA, 02109

                                                         */s/ Andrew M. Schneiderman*
                                                         Andrew M. Schneiderman