**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PAUL JONES,<br><br>        Plaintiff,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>        Defendant. | CIVIL ACTION NO.: 13-cv -11281-FDS |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE AND FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Defendant, GC Services Limited Partnership, ("GC Services"), hereby opposes Plaintiff's Motion to Consolidate and for Leave to File an Amended Complaint, and as grounds states as follows:

**I.     Summary of Argument**

    A.     Motion to File Amended Complaint

Plaintiff's request for leave to file an amended complaint should be denied on grounds of futility. Plaintiff's amended claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), suffers from the same shortcoming as his original, to wit, the absence of any factual allegations demonstrating GC Services' alleged use of an automatic dialing system. Plaintiff's proposed Amended Complaint only parrots the elements of a TCPA claim, failing to identify with any factual specificity whether GC Services actually used an automatic dialing system in an effort to contact him. The absence of such allegations renders his proposed amended claim futile.

Plaintiff's proposed Amended Complaint also asserts that GC Services violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), by allegedly: (1) calling

him after 9:00 p.m. in an effort to collect a debt, (2) engaging in harassing behavior in an effort to collect a debt, and (3) failing to provide him with a validation notice regarding an alleged debt.  As a threshold matter, Plaintiff fails to allege the existence of a "debt", as that term is defined in the FDCPA, on which GC Services allegedly sought to collect.  Absent the existence of a statutorily protected "debt", Plaintiff cannot sustain a claim under the FDCPA.  Moreover, Plaintiff fails to identify the existence of any calls which were made after 9:00 p.m., or any harassing phone calls which could otherwise form the basis of his FDCPA claims.  Plaintiff likewise fails to identify the initial communication he had with GC Services that would otherwise trigger its obligation to provide him with a validation letter.  Absent such basic allegations, Plaintiff cannot sustain his claims in this regard.

Finally, Plaintiff's G.L c. 93A claims are derivative of his TCPA and FDCPA claims. Since Plaintiff's TCPA and FDCPA claims are subject to dismissal, his derivative Chapter 93A claim is subject to dismissal as well.

    B.    <u>Motion to Consolidate</u>

Plaintiff initially filed six individual lawsuits against FMA Alliance, Ltd., GC Services, LP, Central Portfolio Control, Client Services, Inc., Diversified Consultants and Financial Recovery Solutions in Boston Municipal Small Claims Court.  In each individual action, Plaintiff alleged violations of the TCPA, Chapter 93A, and violation of G.L. c. 272, § 99Q ("Massachusetts Wiretapping Statute").  The various defendants subsequently removed the individual complaints to the United States District Court for the District of Massachusetts.

Although he initially filed these claims separately, Plaintiff has now moved to amend his complaint, and consolidate the six separate and unrelated lawsuits.  A review of the cases reveals that consolidation is inappropriate.  The cases share no common issues of fact which would

otherwise justify consolidation. The alleged phone calls which are the subject of the respective complaints took place at different times, were made to different telephone numbers, and were made by different agencies. Furthermore, Plaintiff does not allege that the defendants acted in concert in any way, or that any of the actions of one defendant can be imputed to another. From a legal standpoint, the analysis of Plaintiff's various claims under the FDCPA and the TCPA are fact-specific to each defendant, thus requiring a differing evidentiary analysis for each defendant. Therefore, consolidation will not facilitate resolution of these claims.

To the contrary, consolidation will inevitably increase costs and inefficiencies for each of the defendants. More specifically, GC Services, and the other defendants, will incur the additional burden and costs of managing and potentially responding to litigation involving fundamentally unrelated cases against six collection agencies. Forcing these six defendants to litigate these separate claims as part of one suit will risk the potential disclosure of confidential information to market competitors. Furthermore, GC Services and the other defendants will undoubtedly be prejudiced should the matter(s) proceed to trial. Jurors could get confused about which defendant the allegations pertain to, and there is a real risk that the jurors might hold GC Services culpable for another defendant's conduct if it appears that the defendants' actions were collectively overbearing. Accordingly, Plaintiff's Motion for Consolidation should be denied.

**II.     Statement of Facts**

1.     Plaintiff filed his Complaint against GC Services on May 2, 2013. In his Complaint, Plaintiff alleges violations of the TCPA, Chapter 93A and the Massachusetts Wiretapping Statute (DE #1, Ex. A).

2.     On May 29, 2013, GC Services removed Plaintiff's Complaint to the United States District Court for the District of Massachusetts. (DE #1).

3. On June 5, 2013, GC Services filed a Motion to Dismiss Plaintiff's Complaint. (DE #4, 5).

4. On July 2, 2013, Plaintiff filed a Motion for Leave to Consolidate and for Leave to File an Amended Complaint (DE #10). Plaintiff seeks leave to file a 121-paragraph Amended Complaint against all potential defendants. (DE #10, attachment). Plaintiff's Amended Complaint seeks to add, *inter alia*, claims under the FDCPA. *Id.*

5. Plaintiff also seeks to consolidate five additional claims presently pending in the United States District Court for the District of Massachusetts in which he is also a named plaintiff. (DE #8)

6. Plaintiff seeks to consolidate the following actions: (1) *Paul Jones v. FMA Alliance, Ltd.*, 1:13-cv-11286-JLT; (2) *Paul Jones v. Central Portfolio Control*, 1:13-11325-DPW; (3) *Paul Jones v. Client Services, Inc.*, 1:13-cv-11274-NMG; (4) *Paul Jones v. Diversified Consultants*, 1:13-cv-11277-GAO; (5) *Paul Jones v. Financial Recovery Solutions*, 1:13-cv-11309-RWZ. (DE #8).

7. In each of the foregoing actions, Plaintiff alleges violations of the TCPA, Chapter 93A, and the Massachusetts Wiretapping Statute as well.

8. In his motion, Plaintiff only states that consolidation is appropriate given the basic commonality of claims. Beyond that however, Plaintiff provides no basis for consolidation of these claims. (DE #10, *generally*). Plaintiff sets no forth allegations in support of his motion to amend his complaint. *Id.*

34357421v1 0947180

**III.    Legal Standard**

　　A.    Motion to Amend Complaint

Courts appropriately may deny leave to amend a complaint for several reasons including "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *U.S. ex rel. Gagne v. City of Worcester*, 565 F. 3d 40, 48 (1st Cir. 2009). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief may be granted. *Glassman v. Computervision Corp.*, 90 F. 3d 617, 623 (1st Cir. 1996). Therefore, "[i]n assessing futility, the district court must apply the standard which applies to motion to dismiss under Fed. R. Civ. P. 12(b)(6)" *Adorno v. Crowley Towing and Transp. Co.*, 443 F. 3d 122, 126 (1st Cir. 2006).

　　B.    Motion to Consolidate

"The threshold issue" in determining whether to consolidate cases under Rule 42(a) "is whether the two proceedings involve a common party and common issues of fact or law." *Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems, Group, Inc.*, 878 F. 2d 5, 8 (1st Cir. 1989). "Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Cruickshank v. Clean Seas Co.*, 402 F. Supp. 2d 328, 340-41 (D. Mass. 2005), *quoting Seguro*, 878 F. 2d at 8. In considering the costs and benefits of consolidation, it is appropriate to consider and weigh the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and "any confusion, delay or prejudice that might result from consolidation." *Data General Corporation v. Grumman Systems Support Corporation*, 834 F. Supp. 477, 487 (D. Mass. 1992); *Tower of Cranes of America v. Public Service Company of New Hampshire*, 702 F. Supp. 371, 376 (D.N.H. 1988) (court weighs "savings of time and effort that consolidation would

produce against any inconvenience, delay or expense that would be caused to the parties and to the Court").

## IV. Argument

### A. Plaintiff's Motion for Leave to File an Amended Complaint Should be Denied on Grounds of Futility

#### i. TCPA Claims (Counts I and II)

Plaintiff's amended TCPA claims suffer from the same fundamental shortcoming as those set forth in his initial Complaint. Namely, Plaintiff still fails to adequately plead that GC Services made any telephone calls to him using an automated telephone dialing system.

The elements of a TCPA claim are: (1) the defendant called a cellular telephone; (2) using an automatic telephone dialing system; (3) without the recipient's prior consent. *See, e.g.*, *Meyer v. Portfolio Recovery Associates, LLC*, 708 F. 3d 1036, 1043 (9th Cir. 2012); *Pimental v. Google, Inc.*, 2012 WL 1458179 at *2 n. 2 (N.D. Cal. Apr. 26, 2012) ("The elements for a TCPA claim are that: (1) a call was made; (2) using an ATDS; (3) the number called was assigned to a cellular telephone service; and (4) the call was not made with 'prior express consent'").

The sufficiency of a plaintiff's TCPA claim often "turns on whether [plaintiff] plausibly pleads that defendant used an ATDS [automatic telephone dialer system]." *Gragg v. Orange Cab Company, Inc.*, --- F. Supp. 2d ----, 2013 WL 1788479 at *2 (W.D. Wash. Apr. 26, 2013); *Johansen v. Vivant, Inc.*, 2012 WL 6590551 at *2-*4 (N.D. Ill. Dec. 18, 2012) (collecting cases). In that regard, simply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim. *See, e.g.*, *Ibey v. Taco Bell Corp.*, 2012 WL 2401972 at *3 (S.D. Cal Jun. 18, 2012) (conclusory allegation regarding defendant's use of ATDS insufficient to sustain TCPA claim).

In the underlying matter, Plaintiff's Amended Complaint fails to adequately allege that GC Services made any alleged telephone calls using an ATDS. Plaintiff's sole reference to the

use of an automated dialing system is set forth in paragraph 71 in which he baldly avers that: "[o]n information and belief, Defendants Client, GC, FRS, Diversified, Central Portfolio and FMA used an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1) when it (sic) made each and every call to Plaintiff's wireless numbers…" (DE #8, attachment, p. 11). Such a conclusory allegation, without more, is insufficient to sustain a TCPA claim, and Plaintiff's motion to amend his complaint should be denied as futile. *See, e.g.*, *Johansen v. Vivant, Inc.*, 2012 WL 6590551 at *3 (N.D. Ill. Dec. 18, 2012) (conclusory allegation regarding use of ATDS, without more factual support, was insufficient to sustain claim under TCPA); *Gragg v. Orange Cab Company*, 2013 WL 195466 at *2 (W.D. Wash. Jan. 17, 2013) (same); *Hanley v. Green Tree Servicing, LLC*, 2013 WL 1189697 at *4-*6 (N.D. Ill. Mar. 21, 2013) (conclusory allegation regarding use of ATDS was insufficient to sustain TCPA claim and commenting that "[plaintiff's] complaint, therefore, is highly suspect because it merely recites naked facts mimicking the elements of a cause of action under the TCPA"); *Ibey*, 2012 WL 2401972 at *3 (single allegation regarding use of ATDS insufficient to sustain TCPA claim).

### ii.     FDCPA Claims (Count III)

The FDCPA only affords protection to certain kinds of statutorily-defined debts. Under the FDCPA, a "debt" is defined as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are *primarily for personal, family or household purposes*, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5) (emphasis supplied).

To state a claim under the FDCPA, a plaintiff must allege that the debt giving rise to the cause of action is an offer or extension of credit covered by the FDCPA. *See Zimmerman v. HBO*

7

34357421v1 0947180

*Affiliate Group*, 834 F.2d 1163, 1168-69 (3d Cir. 1987); *Arnold v. Tuemper*, 833 F.Supp. 678, 686 (N.D. Ill. 1993).  It is the plaintiff's burden to prove that he has been the object of collection activity stemming from a consumer debt in order for the FDCPA to apply.  *See Garcia v. LVNV Funding, LLC*, 2009 WL 3079962 at *5 (W.D. Tex. Sept. 18, 2009); *Stewart v. Alonzo*, 2009 WL 174938 at *2 (S.D. Tex. Jan. 26, 2009).

    Plaintiff has wholly failed to allege the existence of any debt which he is obligated to pay.  Certainly, there is no allegation that any debt was one incurred for consumer goods. (*See generally*, Ex. A.).  Such an omission is fatal to Plaintiff's ability to assert a claim under the FDCPA. *See Cederstrand v. Landberg*, 933 F.Supp. 804, 806-807 (D. Minn. 1996) (dismissing plaintiff's claim where Complaint contained no allegations that the transaction was primarily for personal, family or household purposes); *see also Zimmerman*, 834 F.2d at 1168-1169 (A complaint which fails to allege an offer or extension of credit fails to state a claim under the FDCPA); *Arnold*, 833 F.Supp. at 686 (dismissing complaint for failure to show that debt was covered by the FDCPA); *Gammon v. Belzer*, 1997 WL 189291 at *2 (N.D. Ill. Apr. 11, 1997) (dismissing claim where Complaint failed to assert that Defendant was attempting to collect a "debt" as defined by the FDCPA, or that the debt arose from an extension of credit that was undertaken for personal, family or household purposes.)

    As the foregoing demonstrates, Plaintiff's motion to amend his complaint should be denied because any proposed amendment to include an FDCPA claim would be futile.  However, if not subject to dismissal based upon the foregoing fatal deficiencies, Plaintiff's claims must be dismissed as substantively deficient.  Plaintiff first asserts that GC Services violated § 1692c(1)[1]

---

[1] 15 U.S.C. § 1692c(1) precludes a debt collector from contacting a debtor "at any unusual place or a time or place known or which should be known to be convenient to the consumer.  In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8

of the FDCPA by calling Plaintiff's wireless number after 9:00 p.m. on "several occasions." (DE #10, attachment, ¶ 101). However, all calls identified by the Plaintiff took place before 9:00 p.m. (*Id* at ¶ 28). Accordingly, there can be no violation in this regard, and Plaintiff's motion to amend his complaint to include this claim should be denied.. *See, e.g.*, *Owens v. U.S. Bank Corporation*, 2013 WL 3353937 at *3 (D. Minn. Jul. 3, 2013) (dismissing § 1692c claim where Plaintiff failed to identify the time of offending calls or any calls made after 9:00 p.m.); *Shand-Pistilli v. Professional Account Services, Inc.*, 2010 WL 2978029 at *3 (E.D. Pa. Jul. 26, 2010) (call made at 8:58 p.m. did not violate § 1692c(1)).

Plaintiff's claim under § 1692d(5) is similarly deficient. Section 1692d(5) precludes a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number." Here, Plaintiff only identifies the existence of limited number of calls over a nearly three-week period he alleges to be harassing, and fails to allege that GC Services intentionally made these calls to harass the Plaintiff. Such a limited number of phone calls, without any allegation of intent to harass by GC Services, cannot serve as the basis for a claim under § 1692d(5). Accordingly, Plaintiff's motion for leave to file an amended complaint must be denied. *See, e.g.*, *Sutton v. New Century Financial Services*, 2006 WL 2038500 at *2 (D.N.J. Jul. 19, 2006) (denying motion to amend complaint to include a claim under § 1692d(5) as futile because even if the defendant placed "the two alleged phone calls…over a two month period" the facts were insufficient to entitle the plaintiff relief"); *Gnesin v. American Profit Recovery*, 2012 WL 5844686 at *3-*4 (E.D. Mich. 2012) (single call did not violate 1692d(5), and did not demonstrate intent to harass on behalf of the defendant).

---

o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location." *See* 15 U.S.C. § 1692c(1).

9

Plaintiff's claim under § 1692g(a)[2] should also be dismissed based upon Plaintiff's failure to adequately plead this claim. Section 1692g(5) provides that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication….send the consumer a written notice" containing the information set forth in subsections (1) through (5). *See* 15 U.S.C. § 1692g(a).

Here, Plaintiff's proposed Amended Complaint simply parrots the language of the statute. It is devoid of any allegations setting forth when the initial triggering communication between him and GC Services occurred, whether it was written or oral, and whether the required disclosures were provided in this initial communication. In fact, Plaintiff's Complaint is entirely devoid of any factual support for this claim. Accordingly, it must be dismissed as a matter of law. *See, e.g.*, *Potvin v. Paul Law Office, PLLC*, 2012 WL 1903254 at *6 (D.N.H. May 25, 2012) (dismissing § 1692g(a) claim where plaintiff's complaint contained no allegations about initial communication with collector, including the form it took, or whether such information was provided in initial communication); *Marshall v. Deutsche Bank National Trust Co.*, 2011 WL 345988 at *3 (E.D. Ark. Feb. 1, 2011) (dismissing § 1692g(a) claim where "[f]rom the Complaint it is impossible to determine what Plaintiff claims was the initial communication that triggered the requirements of § 1692g(a)").

---

[2] Plaintiff also asserts a claim under 15 U.S.C. § 1692e(10), but offers no individual facts in support of this claim that are not already addressed by the other violations alleged. Therefore, this claim is duplicative of the others, and should be dismissed as well. *See Dutton v. Wolhar*, 809 F. Supp. 1130, 1140 (D. Del. 1991) (denying claim under § 1692e(10) where plaintiff failed to assert any action by defendant not already specifically addressed by other provisions of the FDCPA; *accord Saltzman v. I.C. System, Inc.*, 2009 WL 3190359 *1, *5 (E.D. Mich. Sept. 30, 2009); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 394 (D. Del. 1991).

### iii. Chapter 93A

Plaintiff's Chapter 93A claims are expressly derivative[3] of his TCPA and FDCPA claims. Since the foregoing statutory claims are without merit, Plaintiff's Chapter 93A claim lacks merit, and his motion to amend his complaint should be denied. *See, e.g.*, *Waters v. Kream*, 770 F. Supp. 2d 434 (D. Mass. 2011) ("The Chapter 93A claims were predicated on the putative violations of the FDCPA. Since there was no underlying violation of the latter, there was no unfair or deceptive act or practice in violation of the former."); *Pimental v. Wachovia Mort. Corp.*, 411 F. Supp. 2d 32, 40 (dismissing Chapter 93A claims that "hinge[d] on breach of contract and negligence claims" where plaintiff made no "unique arguments related to the Chapter 93A claim"); *Edlow v. RBW, LLC*, 2010 WL 2034772 at *9 (D. Mass. May 21, 2010) (dismissing derivative Chapter 93A claim).

### B. Plaintiff's Motion to Consolidate Should be Denied as no Common Issues of Fact Predominate Over the Individual Claims Alleged

#### i. No Common Issues of Fact Predominate Over the Separate TCPA Claims

Collectively, Plaintiff's TCPA claims involve alleged phone calls made by six separate agencies, at completely different times, and to completely different telephone numbers. The evidence required to prove Plaintiff's claims will necessarily differ with respect to each defendant, thus undermining any benefit posed by consolidation and increasing the likelihood for confusion among potential jurors. Furthermore, there is no allegation that any of the defendants acted in concert with respect to the Plaintiff, nor is there any allegation that the actions of one defendant should be imputed to another.

---

[3] In paragraph 118, Plaintiff alleges that GC SERVICES violated Chapter 93A by attempting to collect or enforce a debt which it knew was not legitimate. Again, Plaintiff wholly fails to allege the existence of any debt which he was obligated. Moreover, there are no allegations that GC SERVICES knew any alleged debt was not legitimate or intentionally attempted to collect such a debt despite such knowledge.

In addition, the legal analysis will also differ significantly with respect to Plaintiff's claims against the various defendants. In order to state a claim under the TCPA, the Plaintiff must demonstrate that: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; and (3) without the recipient's prior consent. *See, e.g.*, *Meyer*, 708 F. 3d at 1043. Therefore, with respect to Plaintiff's claims under the TCPA, individual determinations will be required with respect to each defendant as to whether: (1) the defendant called the plaintiff; (2) whether the call was made to a residential or cellular phone; (3); whether the call was made using an automated dialing system; and (4) whether the Plaintiff provided the defendant with permission to made the alleged call. The determination of whether the call was made using an automated dialing system is a highly complex analysis which is not subject to group treatment, and must be made on an individual basis. *See, e.g.*, *Ploch v. First Source Advantage, LLC*, 2012 WL 5384876 at *5 (E.D. Mo. Nov. 1, 2012) ("additional discovery is necessary to analyze whether defendant's…system qualifies as an "autodialer" pursuant to the complex statutory definition on the TCPA").

Absent even a modicum of factual or legal similarity among the claims, consolidation is facially inappropriate. *See, e.g.*, *Gilliam v. Fidelity Management & Research Co.*, 2005 WL 1288105 at *4 (D. Mass. May 3, 2005) (denying motion to consolidate where the overlap in factual evidence between the separate claims was "relatively small"); *Manual for Complex Litigation*, § 11.631 (2004) ("whether consolidation is permissible or desirable depends largely on the amount of common evidence among the cases"); *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corporation*, 149 F.R.D. 65, 81 (D.N.J. 1993) ("where the evidence in one cases is not relevant to the issue in the other, consolidation would create a likelihood of prejudice by confusing the issues.").

34357421v1 0947180

### ii. No Common Issues of Law Predominate Over the Separate FDCPA Claims

Plaintiff has moved for leave of court to amend his Complaint to add claims under the FDCPA. In the event that Plaintiff is permitted to amend his Complaint, the analysis of these new FDCPA claims will also vary with each defendant. Plaintiff has alleged that the defendants violated the FDCPA by: (1) calling him after 9:00 p.m.; (2) causing his telephone to ring repeatedly with the intent to annoy, abuse or harass; (3) using deceptive means in an attempt to collect a debt; and (4) failing to provide the Plaintiff with a validation correspondence setting forth his right to dispute the debt at issue.

In light of the nature of Plaintiff's claims, individual determinations will have to be made with respect to each defendant concerning: (1) whether telephone calls were made to the Plaintiff; (2) whether any such calls were made after 9:00 p.m.; (3) the amount of times any alleged phone calls were made to the Plaintiff; (4) whether a representative from any defendant agency spoke with the Plaintiff; (5) the nature of any such communication; and (6) whether each defendant agency provided the plaintiff with a validation letter. Again, there is simply no overlap in legal analysis with respect to any aspect of Plaintiff's FDCPA claim against the Defendants. Therefore, consolidation is inappropriate. *See, e.g.*, *Lehman Bros. Holdings, Inc. v. Universal American Mortg. Co.*, 2013 WL 1685842 at *2 (D. Colo. Apr. 17, 2013) (denying motion to consolidate because "[a]lthough each loan arises from the same loan purchase agreement, each individual loan concerns different sections of that agreement, which require distinct legal analyses…therefore individual questions of law and fact may well predominate over common ones.").

### iii.     Consolidation of these Claims Would not be Cost Efficient[4]

Consolidation will not be cost effective in any respect. To the contrary, it will likely increase costs and inefficiencies for each of the defendants. Presently, GC Services is only litigating against the Plaintiff, and the Complaint against involves no other co-defendants. If the claims are consolidated, GC Services will incur the additional burden and costs of managing and responding to litigation involving five additional defendants. Likewise, all other defendants will incur similar additional costs and expense. This includes reviewing all pleadings filed by the defendants, corresponding with the other defendants, and attending hearings on potentially unrelated claims. Certainly, consolidation of these fundamentally different cases would not be cost efficient for GC Services, and would only serve to further drive up its litigation costs.

It is also difficult to see how consolidation will benefit the Plaintiff. Should the cases be consolidated, Plaintiff would still have to serve the defendants with individual discovery requests, and, given the factual and legal dissimilarity of the cases, Plaintiff would be required to file individual dispositive motions as to each defendant. Therefore, consolidation is undesirable whether viewed from the Plaintiff's or defendants' perspective.

## V.     Conclusion

In light of the foregoing, defendant, GC Services Limited Partnership respectfully requests this Court deny Plaintiff's Motion to Consolidate and Motion for Leave to File an Amended Complaint, along with such other relief as this Court deems proper.

---

[4] Though slightly more speculative in nature, there is a distinct concern that jurors could get confused about which defendant the various allegations pertain to, and that the jurors might hold GC Services culpable for another defendant's conduct if it appears that the defendants' actions were collectively overbearing. Furthermore, should GC Services choose to assert a *bona fide* error defense to Plaintiff's FDCPA claims, it is concerned that the disclosure of such supporting materials to market competitors could disadvantage it from an economic standpoint.

                        Respectfully submitted,

Respectfully submitted,
GC SERVICES LIMITED PARTNERSHIP
By Its Attorneys,

*/s/ Andrew M. Schneiderman*
Ranen S. Schechner, BBO #655641
rschechner@hinshawlaw.com
Andrew M. Schneiderman, BBO #666252
aschneiderman@hinshawlaw.com
Hinshaw & Culbertson LLP
28 State Street, 24th Floor
Boston, MA 02109

Dated: July 16, 2013    617-213-7000

## CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that on this 16th day of July 2013, I served a true and accurate copy of the foregoing document to counsel of record via E-Mail and First Class mail as follows:

Paul Jones (pj22765@gmail.com)
572 Park Street
Stoughton, MA 02072

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman

34357421v1 0947180